**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-055-HRW

DELANNIE L. MARTIN                                                       PETITIONER

VS:                   **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, Warden                                    RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Delannie L. Martin,[1] an individual currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Ashland, Kentucky, has initiated the current action by paying the district court filing fee and submitting a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner claims that the BOP's refusal to recognize his high school diploma violates his constitutional rights, under the Due Process Clause and the First Amendment of the Constitution.

ALLEGATIONS OF THE PETITION

The following is a summary or construction of the allegations gleaned from the instant

---

[1] The petitioner was convicted and sentenced, for drug and firearms offenses committed in 1999, in the United States District Court for the Western District of Kentucky. They were affirmed late in 2005, *Martin v. United States*, 160 Fed.Appx. 447 (6th Cir. 2005) (unpublished).

petition and attachments thereto.

The petitioner attaches a copy of the document which he asks the BOP to recognize. It is a certificate from "Continental Academy," certifying that Martin:

> **Has satisfactorily completed a course of Study prescribed for**
>
> **Graduation from this institution and is therefore awarded this**
>
> ## High School Diploma

Record No. 1, Attachment dated July 14, 2004. The petitioner explains that he received the diploma from "an outside correspondence class." *Id.* at page 1.

Petitioner Martin alleges when he received the document, he showed it to BOP personnel, including education staff, but they refused to honor it, so as to exempt him from completing a mandatory educational program. He then began appealing that decision through the prison administrative system. Attached copies of the responses which he received reveal the BOP's position with regard to not recognizing his diploma. The warden wrote that it was BOP policy to recognize only GED's and high school diplomas, not correspondence courses, and he cites to Program Statement [hereinafter "PS"] 5350.28, Literacy Program (GED Standard), as authority for the policy. The Regional Director and Administrator of National Inmate Appeals concurred with the warden and denied the rest of his appeals.

Having exhausted the BOP administrative remedies, the petitioner has now come to this Court asking that the Court direct that his degree be recognized, so that his right to earn more good time credits will be reinstated and so that he can obtain a good prison job.

## DISCUSSION

Consistent with a Congressional mandate, the Attorney General requires the Bureau of

2

Prisons to conduct adult literacy programs in federal prisons for the benefit of inmates who are "functionally illiterate." *See* 18 U.S.C. §3624(f).[2] Regulations now found at 28 C.F.R. §§544.70-75 were formally promulgated to effectuate compliance with the statute. In the first of these regulations, the terms of the statute have been fleshed out to define which inmates "are not functionally literate" and must, therefore, be enrolled, *i.e.*, any inmate "who does not have a verified General Educational Development (GED) credential or high school diploma"; and how much will be required of these inmates, *i.e.*, each such inmate "is required to attend an adult literacy program for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first." 28 C.F.R. §544.70.

---

[2] The relevant provision of 18 U.S.C.A. §3624 states as follows:

....

(f) Mandatory functional literacy requirement.-

> (1) The Attorney General shall direct the Bureau of Prisons to have in effect a mandatory functional literacy program for all mentally capable inmates who are not functionally literate in each Federal correctional institution within 6 months from the date of the enactment of this Act.
>
> (2) Each mandatory functional literacy program shall include a requirement that each inmate participate in such program for a mandatory period sufficient to provide the inmate with an adequate opportunity to achieve functional literacy, and appropriate incentives which lead to successful completion of such programs shall be developed and implemented.
>
> (3) As used in this section, the term "functional literacy" means-
>
>> (A) an eighth grade equivalence in reading and mathematics on a nationally recognized standardized test;
>>
>> (B) functional competency or literacy on a nationally recognized criterion-referenced test; or
>>
>> (C) a combination of subparagraphs (A) and (B).
>
> (4) Non-English-speaking inmates shall be required to participate in an English-As-A-Second-Language program until they function at the equivalence of the eighth grade on a nationally recognized educational achievement test.
>
> (5) The Chief Executive Officer of each institution shall have authority to grant waivers for good cause as determined and documented on an individual basis.

3

Another regulation formulated to give effect to the statute, 28 C.F.R. §544.72, provides, "The Warden shall establish a system of incentives to encourage an inmate to obtain a GED credential." *Id.* Still another regulation provides that even disciplinary action may be taken against an inmate lacking a GED or high school diploma if he or she refuses to enroll in and complete the 240-hour literacy program. 28 C.F.R. §544.75.

It is in program statements that the BOP provides its interpretation and/or explains the terms and/or gives examples of its application of the statutory and regulatory requirements. As the instant petitioner was told in the administrative process, PS 5350.28 sets out the details with regard to the BOP's literacy program. Thus, consistent with the statute and regulatory scheme requiring that the warden develop incentives for entering the program, the BOP has developed a policy of wardens' awarding educational good time credits and assigning preferred prison jobs to participants in the literacy program.

The instant petitioner's first claim is that in refusing to accept a certificate from a correspondence school, the BOP acted arbitrarily and in violation of his substantive due process rights. It is true that "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986). *See also Regents of the Univ. of Mich. v. Ewing*, 474 U.S. 214, 223-26 (1985)). "The right not to be subject to 'arbitrary or capricious' action by a state either by legislative or administrative action is commonly referred to as a 'substantive due process right.'" *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir. 1992) (citing *E.g., Curto v. City of Harper Woods*, 954 F.2d 1237, 1243 (6th Cir. 1992).

4

In the case *sub judice*, however, the BOP's actions were not only appropriate under the program statement cited in the administrative appeals but are *required* under the formal regulation, 28 C.F.R §544.70, which mandates the literacy program for any inmate "who does not have a verified General Educational Development (GED) credential or high school diploma." Because the law requires participation for those inmates without a GED or high school diploma, there is nothing arbitrary in the BOP's requiring the petitioner to be in the literacy program or denying him the perks of participation in the BOP's literacy program upon his refusal to do so.

As to the petitioner's not being able to accrue additional good time, federal courts have held that a prisoner has no liberty interest in opportunities to obtain good time, under *Sandin v. Conner*, 515 U.S. 472, 478-87 (1995). *See Robinson v. Hastings*, 2006 WL 950185 at *2 (E.D.KY April 10, 2006) (unpublished) (citing *Burrell v. Gunja*, 2001 WL 34713499 (D.Md. 2001)) and other consistent law). Similarly, "It is well settled that a prisoner has no constitutionally protected liberty interest in prison employment or a particular prison job." *Robinson*, at *3 (citing cases).

As the instant petitioner's final claim, he alleges that he was retaliated against for participating in the correspondence program and that the Sixth Circuit has held that retaliation for exercising the "Petition Clause" would merit relief. He then cites to well-known Petition Clause case law, including *Connick v. Myers*, 461 U.S. 138, 145-48 (1983), and *Valot v. Southeast Local School District Board of Education*, 107 F.3d 1220, 1226 (6th Cir. 2000).

The Petition Clause of the First Amendment forbids "abridging ... the right of the people ... to petition the government for a redress of grievances." It is most often invoked when a person is retaliated against for voicing "a matter of public concern." *Connick v. Myers*, 461 U.S. at 147-48. The petitioner herein fails, however, to allege any facts which would support a cognizable

5

constitutional claim under the very authority he cites.

In Petitioner Martin's own version of facts, he chose to enroll in a correspondence course and he chose to discontinue his participation in the BOP literacy program when the correspondence school sent him a document labeled a diploma. He was not punished for the former, taking the correspondence course, and he rendered himself ineligible for the incentives by doing the latter, withdrawing from the BOP program. In short, the Court finds that the petitioner has failed to state a claim upon which this Court may grant relief. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (failure to support claim with facts warrants dismissal); and *Gable v. Lewis*, 201 F.3d 769, 772 (6th Cir. 2000) (affirming a Petition Clause claim and discussing authority).

Finally, although the BOP could perhaps have drafted PS 5353.28 to recognize correspondence courses or correspondence courses meeting certain standards as it recognized GED's and high school diplomas, the BOP did not do so. It defined the functional illiterates as people who had not attained a GED or high school diploma in its regulations and its program statements. BOP program statements will be upheld so long as they serve valid penological interests. Another court has written, "The BOP's literacy program clearly serves the valid penological interests of education and rehabilitation." *Robinson v. Hastings*, 2006 WL 950185 at *3, fn 7 (quoting *Burrell v. Gunja*, 2001 WL 34713499 at *3-*4).

The petitioner having failed to show that he "is in custody in violation of the Constitution or laws or treaties of the United States," his petition will be denied. 42 U.S.C. §2241(c)(3).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the petition of Delannie L. Martin for writ of habeas corpus is **DENIED**, *sua sponte*; the action will be **DISMISSED** from the docket of the

6

Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This 28th day of April, 2006.

_____
HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE